**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD DIAZ, an individual;
STEVE PINEDA, an individual;
DAVID VALDIVIA, an individual;
JOSE A. LOPEZ, an individual; RUAL
DOMINGUEZ, an individual; EDDIE
WILLIAMS, an individual; RANDALL
JONES, an individual; MIGUEL
PEREYRA, an individual; CRUZ
JUAREZ, an individual,
        *Plaintiffs-Appellants,*

      v.

INTERNATIONAL LONGSHOREMEN'S
AND WAREHOUSEMEN'S UNION,
LOCAL 13, a union; PACIFIC
MARITIME ASSOCIATION, a
corporation; INTERNATIONAL
LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION, a union,
        *Defendants-Appellees.*

No. 04-56957

D.C. No.
CV-03-06615-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence Marie Cooper, District Judge, Presiding

Argued and Submitted
January 10, 2007—Pasadena, California

Filed February 2, 2007

Before: Andrew J. Kleinfeld, Ronald M. Gould, and
Milan D. Smith, Jr., Circuit Judges.

1243

Opinion by Judge Smith

**COUNSEL**

H. Nyree Abbott, Los Angeles, California, for the plaintiffs-appellants.

John Kim, Los Angeles, California, for the defendants-appellees.

**OPINION**

SMITH, Circuit Judge:

Appellants, longshoremen formerly employed through the International Longshore and Warehouse Union Local 13, Allied Division ("Allied"), allege that International Longshore and Warehouse Union Local 13 ("Local 13") breached

its duty of fair representation by failing to transfer Appellants to another bargaining unit, failing to inquire about available work, refusing to place Appellants on hiring hall lists, and failing to address Appellants' grievances. Appellants appeal the district court's order granting Local 13's motion to dismiss the Second Amended Complaint ("SAC") with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the judgment of the district court and remand for further proceedings.

## BACKGROUND

Local 13 is a labor union that acts as the exclusive bargaining representative of employees who work in ports along the Pacific Coast of the United States. Members of Local 13 are employed as longshoremen whose duties include moving cargo on vessels, handling freight on docks, and the performance of associated clerical functions. As alleged, Local 13 includes two separate divisions, Allied and the Longshoremen's Division ("Longshoremen's").

Appellants are nine longshoremen who, following their layoff from Allied, sought and were denied transfer to Longshoremen's. Appellants allege that Local 13 unfairly excluded them from its hiring hall and that Local 13 did not ask its affiliated employers whether positions were available for Appellants. Appellants further claim that they submitted grievances to Local 13 about the transfer and hiring hall issues and that Local 13 improperly handled these grievances.

Appellants initially filed a complaint alleging breach of their collective bargaining agreement and breach of the duty of fair representation. Following the filing of two subsequent amended complaints, the district court determined that Appellants could not prove any set of facts in support of their claim that would entitle them to relief, and accordingly dismissed

the SAC with prejudice under Fed. R. Civ. P. 12(b)(6). Appellants filed a timely notice of appeal, and presently assert only a claim of breach of duty of fair representation against Local 13.

## STANDARD OF REVIEW

We review de novo a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. *McNamara-Blad v. Assoc. of Prof. Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002) (citing *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000)). We accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). The court may not dismiss the complaint unless the plaintiffs cannot prove any set of facts in support of the claim that would entitle them to relief. *Williamson*, 208 F.3d at 1149.

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a "short and plain statement" of their claims in the complaint. Fed. R. Civ. P. 8(a). "Thus, '[w]hen a federal court reviews the sufficiency of a complaint . . . [our] task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Hydrick v. Hunter*, 466 F.3d 676, 686 (9th Cir. 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (alterations in *Hydrick*)).

## DISCUSSION

[1] "[B]ecause the national labor policy vested unions with power to order the relations of employees with their employer

. . . this Court found it necessary to fashion the duty of fair representation." *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 181 (1967). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). As Justice White explained in *Vaca*:

> The statutory duty of fair representation was developed . . . in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining representatives under the Railway Labor Act, *see Steele v. Louisville & N. R.R. Co.*, 323 U.S. 192 [(1944)], and was soon extended to unions certified under the [National Labor Relations Act].

*Id.* (additional citations omitted). To protect the interests of minority members of a bargaining unit, the duty of fair representation "has stood as a bulwark to prevent arbitrary union conduct." *Id.* at 182.

**[2]** Because the duty arises out of "the union's exclusive power to represent all employees in a particular bargaining unit," *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 87 (1989), there are two natural limitations to its scope. First, the duty of fair representation "does not extend to persons who are not employees in the bargaining unit." *Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819, 821 (9th Cir. 1985) (holding that a nonemployee of the bargaining unit "lacks standing to sue for breach of [the duty of fair representation]"). *See also McNamara-Blad*, 275 F.3d at 1169-70. Second, "the existence of the [duty of fair representation] . . . does not permit federal court scrutiny of all of a union's internal affairs." *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1062 (5th Cir. 1980). *See also Distler v. United Mine Workers of Am.*, 711 F.2d 76, 79 (7th

Cir. 1983) (quoting *Bass*); *James v. Int'l Bhd. of Locomotive Eng'rs.*, 302 F.3d 1139, 1145-46 (10th Cir. 2002) (citing *Distler*). For example, in *Distler*, the Seventh Circuit held that a union's refusal to provide health and retirement benefits promised by contract was "not actionable under fair representation principles," because "any unfair conduct which might be alleged here would touch on neither the negotiation or ratification nor the enforcement of the collective bargaining agreement." *Distler*, 711 F.2d at 79 (internal quotation marks omitted).

We now apply these principles to Appellants' complaint. The SAC alleges that Local 13 breached its duty of fair representation because Local 13 (1) did not transfer Appellants to Longshoremen's, (2) did not inquire about available work from affiliated employers, (3) declined to place Appellants on a hiring hall list, and (4) failed to address Appellants' grievances. The first two alleged causes of action fail to state a claim for breach of duty of fair representation, and the district court properly dismissed them with prejudice. The third and fourth alleged causes of action do, however, properly state a claim, and the district court erred in dismissing them.

*Transfer to Longshoremen's*

[3] Appellants' allegation that Local 13 failed to transfer them from Allied to Longshoremen's does not state a claim for breach of the duty of fair representation. Appellants allege that Allied and Longshoremen's are different bargaining units, and persons who are employees of one unit are not employees of the other unit.[1] Because Appellants, by their own allegations, do not belong to Longshoremen's, neither Longshoremen's nor Local 13 owes Appellants a duty to

---

[1] For example, in the SAC Appellants refer to the "bargaining units covered by the Local 13 Constitution," and contend that "Local 13 has continuously entered into arrangements to transfer to [sic] other longshoremen from other employer units."

accept the transfer and permit Appellants to work for Long-shoremen's employers. *See Karo*, 762 F.2d at 821.

[4] Moreover, Local 13's handling of Appellants' request to transfer from one unit to another within Local 13 is an internal union matter that does not involve the union's representation of Appellants. *See Bass*, 630 F.2d at 1062-63. Since none of Appellants' allegations on this issue implicate the union's representation of Appellants, the district court did not err in finding that Appellants' allegations of Local 13's refusal to transfer Appellants to Longshoremen's fail to state a claim for breach of the duty of fair representation.

*Inquiries about Available Work*

Appellants also allege that Local 13 breached its duty of fair representation by not inquiring about available positions with its affiliated employers. The sole support for this allegation is a reference in the SAC to a sentence in Section 6 of the Local 13 Constitution, which states "[a]ny such transfers are subject to the discretion of the unit needing additional workers." The SAC alleges that this sentence creates an implied duty on the part of Local 13 to inquire about available positions at its affiliated employers. This misreads Section 6 even under the most generous possible construction.

[5] A union does not breach the duty of fair representation by failing to act when it is not obligated to do so. *See Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1454 (9th Cir. 1995). Appellants do not claim any alleged right to require Local 13 to inquire about available positions with affiliated employers other than their flawed interpretation of Section 6. Local 13 thus did not breach its duty of fair representation by not so inquiring, and the district court did not err in finding that Appellants' allegations on this issue fail to state a claim for breach of the duty of fair representation.

*Hiring Hall*

**[6]** In *Breininger*, the Supreme Court held that a union's operation of an exclusive hiring hall is subject to the duty of fair representation. 493 U.S. at 87 n.11. The Court explained:

> Only because of its status as a Board-certified bargaining representative and by virtue of the power granted to it by the collective-bargaining agreement does a union gain the ability to refer workers for employment through a hiring hall. Together with this authority comes the responsibility to exercise it in a nonarbitrary and nondiscriminatory fashion, because the members of the bargaining unit have entrusted the union with the task of representing them.

*Id.* at 87-88. Relying on *Breininger*, we held that in operating a hiring hall a union "takes on added responsibility because it wields a special power over workers' livelihood." *Lucas v. NLRB*, 333 F.3d 927, 932 (9th Cir. 2003). Thus, when the union operates a hiring hall, it owes a duty of fair representation to "all applicants using the hiring hall." *See id.* at 934.

**[7]** In this case, the SAC alleges that Local 13 excluded Appellants from the hiring hall lists even though "Plaintiffs as former employees of the Allied Division are qualified to join the hiring hall lists." The SAC further alleges that Appellants only sought to join the hiring hall lists "inside of the normal order" consistent with "the long standing practice." Because the scope of our review is generally limited to the contents of the complaint, Local 13's factual contentions to the contrary are not properly before the court at this time. *See Marder*, 450 F.3d at 448. The district court erred in dismissing Appellants' claim that Local 13 breached its duty of fair representation by refusing to place Appellants on the hiring hall lists.

*Grievances*

**[8]** "[I]n order '[t]o comply with its duty [of fair representation], a union must conduct some minimal investigation of

grievances brought to its attention.' " *Peters v. Burlington N. R.R. Co.*, 931 F.2d 534, 539 (9th Cir. 1990) (quoting *Tenorio v. NLRB*, 680 F.2d 598, 601 (9th Cir. 1982) (alteration of *Tenorio* in *Peters*)). A union breaches its duty of fair representation by handling the union members' grievance "arbitrarily and perfunctorily." *See Tenorio*, 680 F.2d at 602.

In the SAC, Appellants allege that they filed a grievance complaining of Local 13's failure to transfer them to Longshoremen's and Local 13's refusal to place them on the hiring hall lists, but "Local 13 failed . . . to properly process the grievance of plaintiffs including . . . the failure to present plaintiffs [sic] claims to the grievance committee, failure to investigate plaintiff's [sic] and failure to give plaintiffs their right to appeal to the membership."

**[9]** Construed in the light most favorable to Appellants and declining to consider the facts raised by Local 13 in response to these allegations, we find that the allegations in the SAC concerning Local 13's failure to investigate Appellants' grievances pertaining to the operation of the hiring hall state a claim for breach of the duty of fair representation.

**[10]** We decline, however, to apply the duty of fair representation to a union's handling of grievances concerning matters that do not implicate their duty. Accordingly, the district court did not err in dismissing Appellants' allegations regarding the grievance complaining of Local 13's refusal to transfer Appellants to Longshoremen's.

## CONCLUSION

We reverse the district court's order dismissing Appellants' claim for breach of duty of fair representation and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED